United States District Court
Southern District of Texas
FILED

MAR 2 0 2000

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

**GEORGE RODRIGUEZ,**
    **Plaintiff,**

-vs.-

**G. R. MOORE D/B/A
THE CAR SHACK,**
    **Defendant.**

**CIVIL ACTION
NO. C-00-116**

**JURY DEMAND**

## COMPLAINT

### I. Introduction

1. This is an action brought by Plaintiff, George Rodriguez, to recover actual, statutory and punitive damages, reasonable attorneys fees, and costs from Defendant, G. R. Moore d/b/a The Car Shack for violating the Federal Truth and Lending Act, 15 U.S.C. §1631, et seq. and Regulation "Z", 12 C.F.R. §226.1, et seq. and giving false disclosures about the mileage of a motor vehicle and from Defendant, G. R. Moore d/b/a The Car Shack, for giving false disclosures about the mileage of a motor vehicle. These acts: violated subchapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 et seq., hereafter the Federal Odometer Act;; violated Texas Business and Commerce Code §17.41, et seq. (hereafter the Texas Deceptive Practices Act); or constituted fraudulent misrepresentation; Defendant, G. R. Moore d/b/a The Car Shack, also breached an express warranty given to Plaintiff.

### II. Jurisdiction

2. Jurisdiction of this court arises under 49 U.S.C. § 32710(b), 15 U.S.C. §1640(e), 28 U.S.C. § 1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

CHsPDF - www.fxaisx.com

### III. Plaintiff

3. Plaintiff George Rodriguez is a citizen of the United States and a resident of Corpus Christi, Nueces County, Texas.

### IV. Defendant

4. Defendant, G. R. Moore d/b/a The Car Shack, is a resident of Corpus Christi, Nueces County, Texas, and at all times pertinent to this complaint was doing business as The Car Shack in Corpus Christi, Nueces County, Texas.

### V. Statement of Facts

5. The vehicle in question is a 1991 Lincoln four door Towncar, Vehicle Identification Number 1LNCM81W9MY659846, herein referred to as "the automobile."

6. G. R. Moore d/b/a The Car Shack is a dealer in used automobiles.

7. On or about March 23, 1999, G. R. Moore d/b/a The Car Shack, purchased the automobile. At the time of purchase, the last recorded Certificate of Title to the automobile read approximately 95,000 miles. A copy of the Texas Certified Certificate of Title is attached as Exhibit "A".

8. G. R. Moore d/b/a The Car Shack knew or should have known that the mileage of the automobile was substantially in excess of that shown on the odometer.

9. G. R. Moore d/b/a The Car Shack described the automobile as having "low mileage." G. R. Moore d/b/a The Car Shack knew or should have known description was false.

10. G. R. Moore d/b/a The Car Shack, regularly buys and sells used automobiles. He knew or should have known that the mileage of the automobile was substantially in excess of that shown on the odometer and on the disclosure received by him which the vehicle was purchased.

11.  On March 24, 1999, George Rodriguez went to G. R. Moore d/b/a The Car Shack to shop for an automobile.  He was shown the automobile by G. R. Moore.  G. R. Moore told George Rodriguez the automobile was a "low mileage car."  G. R. Moore knew or should have known his statement was false.  George Rodriguez looked at the odometer and saw that it read about 57,153 miles.  George Rodriguez told G. R. Moore that he wished to purchase the automobile.

12. George Rodriguez purchased the automobile from G. R. Moore d/b/a The Car Shack and as a part of the transaction he signed and received a "Buyers Order".  A true and correct copy of said "Buyers Order" is attached hereto as Exhibit "B".

13.  He was given an Odometer Disclosure Statement signed by G. R. Moore d/b/a The Car Shack  That statement certified that the odometer reading was 57,153 miles, that the odometer reading to the best of the seller's knowledge reflected the actual mileage of the automobile, and that the odometer was not altered, set back or disconnected while in its possession and that it had no knowledge of anyone doing so.  A copy of the Odometer Disclosure Statement is attached as Exhibit "C".  G. R. Moore d/b/a The Car Shack knew or should have known that the certifications were false.

14.  On September 20, 1999, the Plaintiff, through his attorney, revoked his acceptance of the automobile and made demand under the Texas Deceptive Trade Practice Act, but to no avail.  A true and correct copy of said demand letter is attached as Exhibit "D".

## VI.  First Claim

### Federal Odometer Act

15.  Plaintiff realleges and incorporates herein the allegations of paragraphs 2 through 14.

16. G. R. Moore d/b/a The Car Shack violated the Federal Odometer Act in one or more of

**George Rodriguez - Complaint**                                    **Page - 3 -**

the following respects:

    a)      G. R. Moore d/b/a The Car Shack, in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4.

17. G. R. Moore d/b/a The Car Shack violated the Federal Odometer Act with intent to defraud.

18. G. R. Moore d/b/a The Car Shack is a transferor within the terms of the Federal Odometer Act.

19. As a result of the above violations of the Federal Odometer Act, Spin Motors, Inc. is liable to the Plaintiff George Rodriguez in the sum of three times his actual damages or $1,500, whichever is greater, and attorney fees and costs.

## VII. Second Claim

## Texas Deceptive Trade Practices Act

20. Plaintiff realleges and incorporates herein the allegations of paragraphs 2 through 14.

21. G. R. Moore d/b/a The Car Shack. committed unfair or deceptive acts or practices in violation of the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code §17.41, including but not limited to one or more of the following:

    a)      giving false statements to a transferee in making odometer disclosures, in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4;

    b)      causing confusion or misunderstanding that the approval or certification of the milage of the automobile;

    c)      representing that the automobile had qualities that it did not have i.e. low milage;

    d)      representing that the automobile was of good quality because it had low milage;

e)      by failing to disclose the true milage of the automobile causing the Plaintiff to enter into a transaction he would not enter into had G. R. Moore d/b/a The Car Shack disclosed the true milage of the automobile.

22.  G. R. Moore d/b/a The Car Shack committed the above unfair or deceptive acts or practices willfully.

23.  As a result of the above willful violations of the Texas Deceptive Trade Practices Act, G. R. Moore d/b/a The Car Shack is liable to Plaintiff, George Rodriguez, for his actual damages and mental anguish trebled and attorney fees and costs

## VIII.  Third Claim

### Fraudulent Misrepresentation

23.  Plaintiff realleges and incorporates herein the allegations of paragraphs 2 through 14.

24.  G. R. Moore d/b/a The Car Shack made a false representation of fact as to the true mileage of the automobile.

25.  The representation was made with full knowledge of its falsity or with reckless disregard of the truth.

26.  G. R. Moore d/b/a The Car Shack intended future purchasers to rely on the representation of the odometer reading.

27.  George Rodriguez justifiably relied on the false representation of the odometer reading. The odometer reading played a material and substantial part in leading George Rodriguez to purchase the automobile.

28.  As a proximate result of the false representation, George Rodriguez has incurred losses including the diminished value of the automobile, finance charges, insurance and property taxes,

mental anguish.

29. The false representation was made willfully, recklessly, maliciously or with intent to injure and defraud future purchasers. George Rodriguez is entitled to punitive damages.

## IX. Fourth Claim

### Federal Odometer Act

29. Plaintiff realleges and incorporates herein the allegations of paragraphs 2 through 14.

30. Defendant G. R. Moore d/b/a The Car Shack, in making odometer disclosures, gave false statements to a transferee in violation of the Federal Odometer Act, 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4.

31. G. R. Moore d/b/a The Car Shack violated the Federal Odometer Act with intent to defraud.

32. G. R. Moore d/b/a The Car Shack is a transferor within the terms of the Federal Odometer Act.

33. G. R. Moore d/b/a The Car Shack is a transferor within the terms of the Federal Odometer Act.

34. As a result of the violations of the Federal Odometer Act, G. R. Moore d/b/a The Car Shack are liable to the Plaintiff George Rodriguez in the sum of three times Plaintiff's actual damages or $1,500 whichever is greater, and attorney fees and costs.

## X. Fifth Claim

### Breach of Express Warranty

35. Plaintiff realleges and incorporates herein the allegations of paragraphs 2 through 14.

36. The representations made by the figures on the odometer itself and by the disclosure statement attached as Attachment C that the automobile had been driven 57,153 miles and the representations by G. R. Moore d/b/a The Car Shack that the automobile had "low mileage" were [ affirmations of fact or promises which became part of the basis of the bargain between Plaintiff George Rodriguez and Defendant  G. R. Moore d/b/a The Car Shack

37. Those representations were not true.   G. R. Moore d/b/a The Car Shack breached their express warranties to George Rodriguez.

38. As a proximate result of G. R. Moore d/b/a The Car Shack's breach of express warranty, George Rodriguez has incurred losses equal to the difference between the value of the automobile as warranted and the automobile as delivered, plus incidental and consequential damages including repair costs, lost wages, finance charges, insurance, and property taxes.

## XI. Sixth Claim

### Federal Truth and Lending Violations

39. Plaintiff realleges and incorporates herein the allegations of paragraphs 2 through 14.

40. G. R. Moore d/b/a The Car Shack violated the Federal Truth in Lending Act, 15 U.S.C. § 1632(a) and Regulations Z, 226.17(a)(2) by failing to set out the required disclosures more conspicuously than other charges and by failing the to set out the finance charges and annual percentage rate more conspicuous  than the other required disclosures.

41. The violations are statutory violations therefore the Plaintiff is entitled to the following recovery from G. R. Moore d/b/a The Car Shack:

a)      His actual damages;

b)      Twice the amount of the finance charge;

c)      his reasonable attorney fees and cost of this action.

Wherefore, Plaintiff Demands

A.  That upon Plaintiff's First Claim, Plaintiff be awarded judgment against G. R. Moore d/b/a The Car Shack in the amount of the greater of triple the damages proved at trial or $1,500 plus attorneys fees under the Federal Odometer Act, 49 U.S.C § 32710.

B.  That upon Plaintiff's Second Claim, Plaintiff be awarded judgment against G. R. Moore d/b/a The Car Shack in the amount of triple his actual damages and mental damages plus attorneys fees and cost under the Texas Deceptive Trade Practices Act.

C.  That upon Plaintiff's Third Claim, Plaintiff be awarded judgment against G. R. Moore d/b/a The Car Shack his general damages and punitive damages.

D.  That upon Plaintiff's Forth Claim, Plaintiff be awarded judgment against G. R. Moore d/b/a The Car Shack in the amount of the greater of triple the damages proved at trial or $1,500 plus attorneys fees under the Federal Odometer Act, 49 U.S.C. § 32710.

E.  That upon Plaintiff's Fifth Claim, Plaintiff be awarded judgment against G. R. Moore d/b/a The Car Shack in the amount of his general damages.

F.  That upon the Plaintiff's Sixth Claim, Plaintiff be awarded judgment against G. R. Moore d/b/a The Car Shack in the amount of his actual damages, twice the amount of the finance charge, his reasonable attorney fees and cost.

J.  That Plaintiff be awarded costs and disbursements.\

K.  That Jury be empaled to try this cause.

K.  Such other and further relief as the Court deems just and proper.

Respectfully Submitted,

James T. McMillen
Texas Bar No. 13800250
Southern District ID. #354
801 Ayers Street
Corpus Christi, Texas 78404-1914
Tel: (361) 887-7200
Fax: (361) 887-6006
E-mail: bklaw@trip.net
*Attorney for George Rodriguez*

**George Rodriguez – Complaint**                                   **Page - 9 -**





# Texas Department of Transportation

**VEHICLE TITLES AND REGISTRATION·1231 AGNES ST·CORPUS CHRISTI, TX 78401**

## (361) 882-8867

## August 17, 1999

STATE OF TEXAS:
COUNTY OF NUECES:

KNOW ALL MEN BY THESE PRESENTS:

I, ANITA PENA, DO HEREBY CERTIFY THAT I AM A CUSTODIAN OF
RECORDS FOR THE TEXAS DEPARTMENT OF TRANSPORTATION AND THAT
THE INFORMATION SHOWN ON THE ATTACHED

☒ COMPLETE TITLE HISTORY, TITLE NO. 17830336262154038, PAGES 1
THROUGH 7

☐ PARTIAL TITLE HISTORY, TITLE NO. <TITLE#>, PAGES 1
THROUGH <PAGE#>

☐ TITLE/REGISTRATION VERIFICATION PRINTOUT:

RE: <YEAR>    <MAKE>    <VIN>

IS, TO THE BEST OF MY KNOWLEDGE, A TRUE AND CORRECT COPY OF
RECORDS ON FILE WITH THIS DEPARTMENT.

_____
CUSTODIAN OF RECORDS

*An Equal Opportunity Employer*

 **Texas Department of Transportation**

VEHICLE INQUIRY RECEIPT

OFFICE: CORPUS CHRISTI REGIONAL OFFICE
STICKER NO: 1862721WA          DATE: 08/17/1999        EFFECTIVE DATE: 04/14/1999
PLATE NO: DV711A               TIME: 4:39PM            EXPIRATION DATE: 3/2000
DOCUMENT NO: 17830336262154038 EMPLOYEE ID: CORPUS8    TRANSACTION ID: 26410036387163942

OWNER NAME AND ADDRESS
GEORGE O RODRIGUEZ
7309 CANDY RIDGE
CORPUS CHRISTI. TX 78413

                              REGISTRATION CLASS: DISABLED VETERAN
                              PLATE TYPE: DISABLED VETERAN PLT
                              STICKER TYPE: WS

VEHICLE IDENTIFICATION NO: 1LNCM81W9MY659846     VEHICLE CLASSIFICATION: PASS
YR/MAKE: 1991/LINC   MODEL: EXC   BODY STYLE: 4D   UNIT NO:          COUNTY NO: 178
EMPTY WT: 4200     CARRYING CAPACITY: 0      GROSS WT: 4200   TONNAGE: 0.00   TRAILER TYPE:
BODY VEHICLE IDENTIFICATION NO:                      TRAVEL TRLR LENGTH: 0   TIRE TYPE: P
REGISTRATION ISSUE DATE: 05/19/1999
ODOMETER READING: 57153   BRAND: A   PREVIOUS PLATE NO:          PREVIOUS EXP MO/YR: 0/0
PREV OWNER NAME: THE CAR SHACK          PREV CITY/STATE: CRP CHRT, TX      PLATE AGE: 0

                              VEHICLE RECORD NOTATIONS

ACTUAL MILEAGE

                              REGISTRATION FEES PAID    SALES TAX INFORMATION
TITLE ISSUE DATE: 04/24/1999  REGISTRATION  $ 50.80    SALES PRICE       $   6,995.00
                                                       TRADE IN ALLOWANCE $      0.00
DOCUMENT TYPE: REGULAR TITLE                           SALES TAX PAID    $     437.19

1ST LIEN      DATE: 03/24/1999        CUSTOMER NAME:
THE CAR SHACK                         FEES ASSESSED
2603 SPID
CORPUS CHRISTI. TX 78415                               TOTAL       $          0.00
                              METHOD OF PAYMENT AND PAYMENT AMOUNT:

2ND LIEN      DATE:

3RD LIEN      DATE:                                    AMOUNT PAID  $         0.00
                                                       CHANGE DUE   $         0.00

1 o8 7

Case 2:00-cv-00116   Document 1   Filed in TXSD on 03/20/2000   Page 13 of 26



**Texas Department of Transportation**

TITLE APPLICATION RECEIPT

COUNTY: NUECES
STICKER NO: 2298484WA
PLATE NO: 072ZBJ
DOCUMENT NO: 1783033626215403B

TAC NAME: CONNIE CANALES
DATE: 04/16/1999
TIME: 3:45
EMPLOYEE ID: YTORREZ

OWNER NAME AND ADDRESS
GEORGE O RODRIGUEZ
7309 CANDY RIDGE
CORPUS CHRISTI, TX 78413

REGISTRATION CLASS: PASSENGER LESS/EQL 6000
PLATE TYPE: PASSENGER PLT
STICKER TYPE: WS

VEHICLE IDENTIFICATION NO: 1LNCH81W9HY659840     VEHICLE CLASSIFICATION: PINS
YR/MAKE 1991/LINC  MODEL: EXC  BODY STYLE: 4D     UNIT NO:
EMPTY WT  4200   CARRYING CAPACITY: 0     GROSS WT: 4200
BODY VEHICLE IDENTIFICATION NO:                   TRAVEL TRLR LENGTH 0
PREV OWNER NAME: THE CAR SHACK                    PREV CITY/STATE: CRP CHRI, TX

INVENTORY ITEM(S)              YR.
WINDSHIELD STICKER             2000
PASSENGER PLT

VEHICLE RECORD NOTATIONS
ACTUAL MILEAGE
SPECIAL EXAMINATION REQUIRED

FEES ASSESSED
TITLE APPLICATION FEE
SALES TAX FEE
WINDSHIELD STICKER
CNTY ROAD BRIDGE ADD-ON FEE
TOTAL
METHOD OF PAYMENT AND PAYMENT AMOUNT
CHECK #18307

ODOMETER READING: 57153   BRAND: A
OWNERSHIP EVIDENCE: OUT-OF-STATE TITLE
1ST LIEN         DATE: 03/24/1999
THE CAR SHACK
2603 SPID
CORPUS CHRISTI, TX 78415

2ND LIEN

3RD LIEN

BATCH NO: 3033626201     BATCH COUNT

THIS RECEIPT TO BE CARRIED IN ALL COMMERCIAL VEHICLES

2077

Case 2:00-cv-00116   Document 1   Filed in TXSD on 03/20/2000   Page 14 of 26

# APPLICATION FOR TEXAS CERTIFICATE OF TITLE
### → TYPE OR PRINT, SIGN IN INK ←

| | |
|---|---|
| 1LNCMP1LWGMY658846 | 1991 Lincoln 4-door |

57153 ☑ 4200

DZ72BJ

Applicant's Name: George O. Rodriguez
Address: 7309 Candy Ridge
City, State, Zip Code: Corpus Christi, Tx 78413

NUECES

Previous Owner's Name: The Car Shack
Address: 7303 S.P.I.D.
City, State, Zip Code: Corpus Christi, Tx 78411

P548C

The Car Shack
Address: 7605 SPID
City, State, Zip Code: Corpus Christi, Tx 78411

2-4-99

57153

THE CAR SHACK

(24 Name of Seller / Agent)

57153

4,905.00

0.00

THE Car Shack Inc.     Will Estes 2-24-9

3 of 7

BH-1631   6-41



4 of 7

**ASSIGNMENT OF TITLE**

River Road Wreck's 1503 W. Detroit Corp.

51031

Signature of Seller: Mark Gford
Printed Name(s) of Seller:
Signature of Buyer:

American Auto Parts 1000 Chavez

51049

10-18-99 — River Road wreck

On Kant

Judy Ann

Exotic Auto Plaza 434

51052

10-31-99

The Car Shack 2003 SPID

5153

5-3-99

Case 2:00-cv-00116   Document 1   Filed in TXSD on 03/20/2000   Page 17 of 26



9262596

# IDENTIFICATION CERTIFICATE

## FOR A MOTOR VEHICLE LAST REGISTERED OR TITLED IN SOME OTHER STATE OR COUNTRY

| VEHICLE YEAR | MAKE | BODY STYLE |
|---|---|---|
| 1991 | Lincoln | 4 Door |

**MANUFACTURER'S VEHICLE IDENTIFICATION NUMBER**

| 1 | L | N | C | m | 8 | 1 | w | 9 | m | y | 6 | 5 | 7 | 8 | 4 | 6 |

| NAME OF STATE OR COUNTRY IN WHICH LAST REGISTERED | YEAR OF LICENSE | LICENSE NUMBER |
|---|---|---|
| Unknown | n/a | P5482 |

**INSPECTION CERTIFICATE NO.** 6 2 5 9 8 1 4 7

**ODOMETER READING** 37175

## STATEMENT OF INSPECTOR

I, the undersigned duly appointed inspector, hereby certify that I have physically examined the manufacturer's vehicle identification number of the motor vehicle described above.

3-24-99
**DATE**

**SIGNATURE OF INSPECTOR**

3P0-3150
**STATION NUMBER**

P.S. VERA Plus
**NAME OF STATION**

### —NOTE TO OWNER—

This form must be attached to your application for License Certificate of Title at the time you purchase Texas License plates from county Tax Assessor-Collector. This inspection required by law.

VI-30-1 Rev 7-88

6 8 7

Case 2:00-cv-00116   Document 1   Filed in TXSD on 03/20/2000   Page 18 of 26

**STATE OF TEXAS**
Texas Department of Transportation
**DEALER'S REASSIGNMENT OF TITLE FOR A MOTOR VEHICLE**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE | RT'F. OR WT |
|---|---|---|---|---|
| 1LNCM81W9MY658046 | 1991 | Lincoln | 4 door | |

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

**REASSIGNMENT BY DEALER ONLY**

George O Rodriguez 7309 Candy Ridge Corpus Christi, Tx 7841 8

ODOMETER READING 57,153 NO TENTHS

The Car Shack

Date 9-24-99 26155510 Corpus Christi, Tx #415

Nick Jones

George O Rodriguez

**REASSIGNMENT BY DEALER ONLY**

**REASSIGNMENT BY DEALER ONLY**

**REASSIGNMENT BY DEALER ONLY**

ODOMETER READING NO TENTHS

**LIEN**
LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

NOTE: THIS FORM IS NOT VALID UNLESS ALL REASSIGNMENTS/ASSIGNMENTS ON AN ATTACHED ORIGINAL OR CERTIFIED COPY, TEXAS CERTIFICATE OF TITLE OR MANUFACTURER'S CERTIFICATE OF ORIGIN HAVE BEEN COMPLETED. UNAUTHORIZED PRINTING OR REPRODUCTION OF THIS DOCUMENT IS PROHIBITED.
THIS DOCUMENT IS VOID IF ALTERED IN ANY WAY UNLESS A STATEMENT OF FACT IS ATTACHED.

7087

B

CutePDF - www.tepss.com

# THE **CAR SHACK**



CARS
TRUCKS
VANS
4x4s

2603 S.P.I.D. • Corpus Christi, TX 78415 • 854-2007 • 854-2753 • Fax: 854-2488

**BUYER'S ORDER** George D. Rodriguez DATE 3-24 19 99

NAME (PRINT OR TYPE)

PLEASE ENTER MY ORDER FOR ONE ☐ NEW ☑ USED AS FOLLOWS:

| MAKE | SERIES | COLOR | MODEL | YEAR |
|------|--------|-------|-------|------|
| Lincoln | Towncar | Rose | 4 dr | 91 |

SERIAL NO. 1LNCM81W1MY658846 LIC. NO. ___ TO BE DELIVERED ON 5/1/93 19 ___

**CASH PRICE OF CAR**

Price 10,000

274.97 x 30 Months  Lienholder:  T-Tax 437.19

8243.10 Note payback  The Car Shack  Title 13.00

2243.10 Finance charge  2603 SPID  License 50.80

26.29% APR  Corp. Christi TX 78415

1st pymt due 4-24-99

UN HONORARIO DE DOCUMENTACION NO ES UN HONORARIO OFICIAL UN HONORARIO DE DOCUMENTACION NO ES REQUERIDO POR LA LEY, PERO PUEDE SER CARGADO AL COMPRADOR COMO GASTOS DE MANEJO DE DOCUMENTOS Y PARA REALIZAR SERVICIOS RELACIONADOS CON EL CIERRE DE LA VENTA. UN HONORARIO DE DOCUMENTACION NO PUEDE EXCEDER $50. ESTA NOTIFICACION ES REQUERIDA POR LA LEY.

A documentary fee is not an official fee. A documentary fee is not required by law, but must be charged to buyers for handling documents and performing services relating to the closing of a sale. A documentary fee may not exceed $50. This notice is required by law.

**SOLD AS IS**
**NO REFUNDS**
**SALES FINAL**

| TOTAL | 10,500 00 |
|-------|-----------|
| TAX | 500 99 |

LICENSE ___ DOCUMENTARY FEE $50.00

TOTAL CASH DELIVERED PRICE 501 00  7543 99

| CREDITS | CASH DEPOSIT SUBMITTED WITH ORDER | Cash | 840 00 |
| | Trade-In Allowance | | |
| | Less Pay-off to: | | |
| | NET ALLOWANCE | | |
| | CASH TO BE PAID AT TIME OF DELIVERY | Side note due | 710 99 |

① 3/30/99 = 1000.00 ✓ TRADE-IN RECORD **INSURANCE RECORD**

② year 4/8/99 = 205.50  AGENCY Buyer to Provide  TOTAL CREDITS 1550 99

③ make 4/30/99 = 275.49  AGENT Full coverage  BALANCE DUE 5915 00

MODEL ___  ADDRESS Insurance  COST OF INSURANCE ___

SERIAL NO. ___  PHO. NO. at all times  AMOUNT TO FINANCE ___

LIC. NO. ___

In the event Payoff figures are more than quoted by the Purchaser, Purchaser hereby agrees to pay this excess on demand.

CONTRACT TO BE PAID TO The Car Shack IN 30 months INSTALLMENTS OF 274.97 EACH

FIRST INSTALLMENT DUE 4-24 19 99  Sold As Is — No Refunds

ALL VEHICLES ARE SOLD "AS IS" UNLESS OTHERWISE STATED ON THIS INVOICE.

APPROVED _Jaime J. Pecina_  SIGNED _Diana Rodriguez_ PURCHASER

THIS ORDER IS NOT VALID UNLESS SIGNED AND ACCEPTED BY DEALER  7309 Candy Ridge

BY ___ SUBJECT TO SATISFACTORY CREDIT RATING  ADDRESS CC TX 78413

C

CutePDF — www.fasdp.com

Case 2:00-cv-00116   Document 1   Filed in TXSD

# ODOMETER DISCLOSURE STATEMENT

Federal law (and State law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I, __The Car Shack__, state that the odometer
(transferor's name — PRINT)

of the vehicle described below now reads __57163__ (no tenths) miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

☐ (1)  I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2)  I hereby certify that the odometer reading is NOT the actual mileage. WARNING — ODOMETER DISCREPANCY.

| MAKE Lincoln | BODY TYPE 4 dr | MODEL Towncar |
|---|---|---|
| VEHICLE ID NUMBER 1LNCM81W9MY659846 | | STOCK NUMBER |
| COLOR Rose | TRIM | YEAR 91 |

TRANSFEROR'S PRINTED NAME (SELLER)
The Car Shack

TRANSFEROR'S STREET ADDRESS
3603 S Padre Island Dr

| CITY Corpus Christi | STATE TX | ZIP CODE 78415 |
|---|---|---|

DATE OF STATEMENT 3-24-99    TRANSFEROR'S SIGNATURE (SELLER) x _Irma L. Pecina_

x _Irma L. Pecina_
PRINTED NAME OF PERSON SIGNING

TRANSFEREE'S PRINTED NAME (BUYER)
George Rodriguez

STREET ADDRESS
7309 Candy Ridge

| CITY Corpus Christi | STATE TX | ZIP CODE 78413 |
|---|---|---|

RECEIPT OF COPY ACKNOWLEDGED
x _Gisela Rodriguez_    3/24/99

TRANSFEREE'S SIGNATURE - BUYER
x _GEORGE O RODRIGUEZ_    3/24/99
PRINTED NAME OF PERSON SIGNING                    DATE

## ORIGINAL MUST ACCOMPANY APPLICATION FOR CERTIFICATES OF TITLE

BFC FORM 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 · 8/84 · BURRELL PRINTING CO., INC. · 1-800-531-5224

*Handwritten annotations in margins:*
1 of 3
Not marked
Please also that the car came from UP-State Illinois - Mr. Herman Bass says no way this vehicle contains than what typed miles.
Att. Mr. M. McPherson
966-4509

D

CutePDF - www.fecnix.com

James T. McMillen
Board Certified:
  Business Bankruptcy Law
  Consumer Bankruptcy Law
  American Bankruptcy Board of Certification

  Business Bankruptcy Law
  Consumer Bankruptcy Law
  Texas Board of Legal Specialization
Licensed: Texas and Tennessee

# James T. McMillen
## Attorney at Law

801 Ayers Street
Corpus Christi, Texas 78404-1914

Telephone (361) 887-7200

Facsimile (361) 887-6006

E-Mail Internet Addresses:
bklaw@trip.net

September 20, 1999


The Car Shack
2603 S. Padre Island Drive
Corpus Christi, Texas

Dear Car Shack:

I represent George Rodriguez of Corpus Christi, Texas, with respect to the purchase from you of a certain 1991 Lincoln, ("Vehicle") Vin Number 1LNCM81W9MY659846.

At the time of the purchase of the vehicle you represented the vehicle to have only 57,153 in actual miles and in fact signed an "Odometer Disclosure Statement" representing that to be the true milage.

Since the time of the sale Mr. Rodriguez has learned that the actual milage was 157,153 miles. The fact that the vehicle had 100,000 more than was represented to Mr. Rodriguez and the value of the vehicle is substantially less than represented.

You are advised of the following claims, defenses and demands asserted by Mr. Rodriguez:

1. Violation of Texas Deceptive Trade Practices.

Mr. Rodriguez assert a claim against you under the Texas Deceptive Trade Practices Act, ("DTPA") TEX. BUS. & COM. CODE. Code §§ 17.41, et seq., for actual and statutory damages, attorney's fees and costs of suit for your violations of the Act. You violated the DTPA by failing to disclose the prior milage was much higher than Mr. Rodriguez was led to believe. By your misrepresentation, you committed the following, among other, fraudulent acts or practices prohibited by TEX. BUS. & COM. CODE §§ 17.46:

  1. causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services in particular that the vehicle was certified to have only 57,153 miles in actual miles;

  2. causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another in particular that the State of Texas had certified the vehicle to have less than 55,000 actual miles;

  3. representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval status, affiliation, or connection which he does not;

ChilPDF - www.fenrir.com

The Car Shack
September 20, 1999
Page - 2 -

4. representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

5. advertising goods or services with intent not to sell them as advertised;

6. disconnecting, turning back, or resetting the odometer of any motor vehicle so as to reduce the number of miles indicated on the odometer gauge;

7. Your failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

9. engaging in an unconscionable action or course of action.

Since your violations of the DTPA are clearly willful, you are liable to Mr. Rodriguez for three times his actual damages. At a minimum, the Rodriguez's actual damages begin with the Total of Payments that he is obligated to pay under the Truth in Lending Disclosure Statement that they executed pursuant to the purchase contract which is $8,243.10, plus the down payment $299.01 and the side note of $1,146.49. Adding his general damages to this figure produces an actual damages amount well in excess of $9,688.60, resulting in treble damages of at least $29,065.80. Attorney's fees and courts costs would be added to the ultimate treble damages figure.

3. Statutory Fraud, Common Law Fraud, Misrepresentation and Deceit.

You are liable to Mr. Rodriguez for statutory fraud, common law fraud, misrepresentation and deceit for your omission of or failure to disclose the material fact of the milage being 100,000 miles more than disclosed. You are liable for actual and punitive damages.

It is obvious that you knew of the correct milage. However, even if you did not know, you are still liable under the common law doctrine of constructive fraud for actual damages as the result of the misrepresentation.

4. UCC Revocation of Acceptance, Rejection and Cancellation.

Pursuant to TEX. BUS. & COM. CODE § 2.608, Mr. Rodriguez revoke his acceptance of the vehicle in whole. In the alternative or cumulatively, and pursuant to TEX. BUS. & COM. CODE § 2.601, Mr. Rodriguez rejects the vehicle in whole as nonconforming.

5. UCC Remedies.

Pursuant to TEX. BUS. & COM. CODE §2.717, Mr. Rodriguez hereby notify you of his intention to deduct the balance of the debt as damages.

Under TEX. BUS. & COM. CODE § 2.711, Mr. Rodriguez hereby cancel this transaction. and demand the return of moneys paid by him toward the vehicle. Mr. Rodriguez has a security interest in the vehicle by operation of law, pursuant to TEX. BUS. & COM. CODE § 2.711(3), for any payments made

The Car Shack
September 20, 1999
Page - 3 -

toward the price of the vehicle, and he may hold and resell the vehicle in like manner as an aggrieved seller in order to recover the same.

In addition, Mr. Rodriguez entitled under TEX. BUS. & COM. CODE §§ 2.712(2) and 2.714(3) to recover any incidental or consequential damages suffered as a result of your breach of obligation. Under case law interpreting this area of the UCC, he is also entitled to recover punitive damages and attorney's fees.

7. Violation of Truth in Lending Act.

The Truth in Lending disclosure were not properly made. Your failure to make the proper disclosures required by the Truth in Lending Act subjects you to a claim for actual damages, statutory damages of twice the finance charge, plus costs and attorney's fees. After having been notified of this failure at this time, you may not timely cure the non-disclosure.

Please be advised that, in the event you or any assignees of yours cause any adverse entries to be made as to Mr. Rodriguez's credit ratings as the result of his cancellation of the transaction, he will feel free to assert his rights to sue you and your assignees for actual and damages, plus attorney's fees and costs, pursuant to the Fair Credit Reporting Act, and any other applicable laws.

Mr. Rodriguez offer to settle with you on the following terms if accepted within sixty calendar:

1. Payment of $3,146.00 in actual damages as payments made plus $299.01 paid as a down payment;
2. Attorney fees in the current amount of $750.00;
3. Return of all notes and other evidence of indebtedness, marked "satisfied."

Please make your check to me as trustee, made payable to "James T. McMillen, Attorney at Law Escrow Account." Upon receipt Mr. Rodriguez will transfer the title to the automobile to you and I will prepare a mutual release for both parties signatures.

Please consider this settlement offer to have been withdrawn if settlement is not reached within sixty calendar days. If this matter has not been settled within sixty (60) calendar days, Mr. Rodriguez will feel free to file suit. I would be happy to discuss your position as to this matter and the settlement proposal.

Very Truly Yours,


James T. McMillen

JTM/

pc:    Mr. George Rodriguez